UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------------------------------X
SPECIALIZED REALTY SERVICES, LLC,

                Plaintiff,                              **12 CV 5351**

    -against-                                       ECF CASE

THE TOWN OF TUXEDO, PETER DOLAN,
DAVID MAIKISCH,

                Defendants.

-------------------------------------------------------------------X

MEMORANDUM OF LAW IN REPLY TO
PLAINTIFF'S OPPOSITION AGAINST MOTION TO DISMISS
THIRD AMENDED COMPLAINT

SUBMITTED BY;

O'CONNOR McGUINNESS CONTE DOYLE
OLESON WATSON & LOFTUS, LLP
Attorneys for Defendants:
**TOWN OF TUXEDO, PETER DOLAN, AND
DAVID MAIKISCH**
Office & P.O. Address
One Barker Ave., Suite 675
White Plains, New York  10601-1517
(914) 948-4500

## PRELIMINARY STATEMENT / SUMMARY IN REPLY:

This motion has been made on the legal grounds developed in detail within the prior moving papers on behalf of the defendants. Contrary to the plaintiff's opposing arguments, it has been made in conformity with all of the applicable rules and procedures, including those inherently applicable to motions under FRCP 12(b). Furthermore, plaintiffs' criticism regarding the form and titling of the motion (as a 12(b)(6) vs 12(b)(1)) motion is unfounded. The motion pending before this court addresses all of the legal and pleading insufficiencies inherent within the third amended complaint and, therefore, should be heard and resolved in its entirety in the interest of conservation of judicial resources and efficiency. Defendants have submitted sufficient legal precedent and factual predicate to support the relief requested in its entirety. [Extensive citation omitted, see prior moving papers, and below.]

## PLAINTIFF'S STATEMENT OF FACTS

Plaintiff's statement of facts state that defendants violated SRS's constitutional rights (claiming 1st and 14th Amendment rights) as they "*attempted to prevent the commercial use* of SRS's property by the unequal and selective enforcement of burdensome and erroneous zoning and building regulation." [See SRS Opposition at page 1.] Thus, by plaintiff's own summary, their claims ultimately are based on the theory of "takings". The fact that they do not use the words is merely an attempt to avoid the Williamson Test.

Plaintiff's statement of facts do not contradict those facts in the moving papers in any way. It should be noted that plaintiff spent a lot of time discussing the initial motion to dismiss decision within the 2007 Declaratory Judgment Action and glosses over the fact that ultimately the matter was DISMISSED on summary judgment with the Judge ruling that the property is "not exempt from land use and building code laws and...any use thereof shall be in accordance with all applicable laws, rules ad regulations." [See Movant Exhibit C-D[1], Plaintiff's opposition page 5.] Despite plaintiff's

---

[1] It should be noted that all of the exhibits in the moving papers are public court documents, decisions and statutes, most of which are incorporated into the plaintiff's complaint, and thus no outside materials were utilized.

subsequent allegations of misrepresentations and fraud through further motion practice and appeals, this decision was upheld. [See Movant Exhibits C-H.] The Federal Court does not have jurisdiction to overturn the New York Supreme Court ruling. Plaintiff's allegations that the defendants changed their argument through the course of the matter is irrelevant as arguments and claims often change throughout the course of a litigation as the case develops and further facts are known.

The defendants statements with regard to plaintiff's "flipping of the property" is founded within plaintiff's own sworn complaints where he pleads that the property was purchased "as an investment and for purposes of resale...". [See Movants Exhibit B, par. 10.  See also, Movants Exhibit A, par 36; Exhibit I, par 9; Exhibit M, par 30; Exhibit N, par 30 and Exhibit O, par 30.]

Plaintiff's quote regarding the necessity for a site plan is taken out of complex and incomplete, and since the full transcript was not included it should be disregarded.  The discussion continued that a *complete* application was required and without knowing the current state of the buildings on the property, since they were believed to be in heavy disrepair, it was unclear how detailed the application would need to be.  I further indicated that if he gave us the names of three building inspectors, the town would choose one of them to oversee his application process, since the current town building inspector, defendant Maikisch, was obviously conflicted.  Part of this conversation took place at sidebar with Judge Seibel.

Plaintiff's application remains incomplete at this time.

## LEGAL ARGUMENT IN REPLY

### Defendants motion is not procedurally defective

As explained within the prior motion papers, this Rule 12(b) motion for dismissal of the third amended complaint is brought by the Defendants on the grounds of ripeness.  The defendants, in support of this motion have recited in detail and with appropriate legal authority, the proper standards for a motion pursuant to both Rule 12(b)(1) and Rule 12(b)(6) and in the interest of efficiency will not repeat the authority relied upon herein. [See, prior "LEGAL STANDARD", MOL

p. 5-6.] Any typographical error is not prejudicial to the plaintiff and the motion should be considered. Of further note, all of the exhibits attached to the motion to dismiss are public court documents, decisions and statutes, most of which are attached to the plaintiff's third amended complaint, and were attached as exhibits to provide simplicity to the motion. No outside facts have been utilized in the making of the Rule 12(b) motion.

## CONTRARY TO PLAINTIFF'S OPPOSING ARGUMENTS, THE FIFTH AND FOURTEENTH AMENDMENT CLAIMS ARE SUBJECT TO DISMISSAL & PLAINTIFF'S CLAIMS ARE UNRIPE FOR REVIEW BY THIS COURT THUS REQUIRING DISMISSAL:

### The Williamson Test does Apply to SRS's Third Amended Complaint:

Although the Supreme Court initially developed the *Williamson* ripeness test in the context of a regulatory takings challenge, it has not been so strictly confined. See Murphy v. New Milford Zoning Comm'n, 402 F.3d 342 (2d Cir. 2005). The Court in Murphy also pointed out that:

> [W]e have applied prong-one ripeness to land use disputes implicating more than just Fifth Amendment takings claims. For example, we previously applied the test to substantive due process claims stemming from a zoning decision. See Southview Assocs., 980 F.2d at 97. And, we recently recognized that in certain circumstances a First Amendment claim emanating from a land use dispute may be subject to the Williamson County prong-one ripeness test. See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 90 (2d Cir.2002); see also Kittay v. Giuliani, 112 F.Supp.2d 342, 348-49 & n. 5 (S.D.N.Y.2000). Id.

"In the land use context, prong one of the Williamson ripeness test also applies to Section 1983 due process and equal protection claims." Osborne v. Fernandez, No. 06–CV–4127, 2009 WL 884697, at *4 (S.D.N.Y. Mar. 31, 2009) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88–89 (2d Cir.2002)); see also Roman Catholic Diocese of Rockville Ctr., N.Y. v. Inc. Vill. of Old Westbury, No. 09 Civ. 5195, 2011 WL 666252, at * 16 (E.D.N.Y. Feb.14, 2011); Adrian v. Town of Yorktown, No. 03 Civ. 6604, 2007 WL 1467417, at *6–8 (S.D.N.Y. May 16, 2007). The finality requirement "reflects the judicial insistence that a federal court know precisely how a property owner may use his land before attempts are made to adjudicate the

constitutionality of regulations purporting to limit such use." Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 402 (2d Cir.2005).

Again, plaintiff's own characterization of the complaint is that the defendants violated the plaintiff's constitutional rights as they "*attempted to prevent the commercial use* of SRS's property by the unequal and selective enforcement of burdensome and erroneous zoning and building regulations." [See SRS Opposition at page 1.] Thus, by plaintiff's own words this is clearly a takings case and SRS has attempted to avoid dismissal by characterizing it otherwise. The plaintiff should not be allowed to do so.

SRS further contends that the Williamson ripeness test does not apply since they do not seek to "develop, alter or change" the complex. However, they do need to repair the buildings and thus are required to go through the application process, thus triggering the Williamson test.

In the Neuenfeldt case cited by plaintiff (from the Eastern District of Michigan in the Sixth Circuit) the plaintiff had stated adequate facts that the claims do not arise under the Fifth Amendment Takings Clause. Neuenfeldt, 356 F.Supp. 2d 770, 776 (ED Mich. 2005). SRS's own characterizations thus distinguishes the matter at bar from Neuenfeldt.

**If plaintiff's injuries stem from the DJ action, then the Rooker-Feldman Doctrine also applies to dismiss the action:**

SRS next claims that the many years of litigating the DJ action meets the first prong of the *Williamson* Test. This is not the case. Plaintiff claims that the determinations by the New York Supreme Court, that SRS must follow the state and local land laws, "define SRS's injuries". [See SRS Opposition page 18.] If plaintiff claims to be injured by this New York Supreme Court decision, than the claims are barred through the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine advances the principle, expressed by Congress in 28 USCA § 1257, that within the federal judicial system, only the United States Supreme Court may review state court decisions. Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir.2005). In motion practice, if Rooker-Feldman is not raised by the defense, District Courts may raise it *sua*

*sponte*. [Id, p. 84]   In short, the Rooker-Feldman doctrine requires dismissal of cases filed by state court losers when federal litigation complains of injuries caused by state court judgments rendered before District Court proceedings were commenced, thereby inviting District Court review and rejection of those state judgments.  Hoblock , 422 F.3d 77, 85, citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005).

Requirements that "the plaintiff must complain of injuries caused by a state-court judgment"; and "the plaintiff must invite district court review and rejection of that judgment", *supra*, are clearly met in this case, even though Hoblock makes it clear that plaintiffs must not raise "some independent claim" if Rooker-Feldman is to apply. [Id. p. 87]  The critical questions to be examined herein are - are the plaintiffs' federal constitutional claims truly independent of the state-court judgment, or does their federal suit assert an injury based on the Orange County Supreme Court judgment and seek review and reversal of that judgment, and: are the plaintiffs' federal claims "inextricably intertwined" with the state judgment.  Plaintiff's claims that the DJ action determinations define SRS's injuries thus trigger the Rooker-Feldman doctrine.

So, if SRS is looking for damages based on an injury caused by the Supreme Court decision in the DJ action, then they ultimately are looking for the Federal Court to find that the decision of the New York State Court was improper.  Thus, the operative effect of finding for plaintiff would be to reverse the state court judgment. In other words, the Board's actions cannot constitute illegal and improper conduct in Federal District Court, since such a finding inherently contradicts the determination of proper and lawful behavior in the New York court decision.  Such a result would render the Defendants legally liable for action that was declared by the state court decision to be proper.  Thus, in truth, the Plaintiff's federal claims do not arise independently and are "inextricably intertwined" with the state judgment.  These types of  contradictory holdings in Federal and State Courts cannot co-exist.  Plaintiffs, in a thinly disguised form, seek review and reversal of the judgment of the Orange County Supreme Court, in contrivance of the Rooker-Feldman doctrine [Id., 86-87].

-5-

In summary, the plaintiff's alleged "immediate injury" cited in support of removing the case from the Williamson criteria now triggers the Rooker-Feldman doctrine, also requiring dismissal of Plaintiffs' federal action in its entirety.  This Court's failure to dismiss Plaintiffs' suit would be tantamount to acting as the appeals court for the state court, thus violating the Constitution of the U.S. as interpreted by the Supreme Court.  Under 28 U.S.C. § 1257, within the federal judicial system, only the Supreme Court may review state-court decisions [Hoblock, p. 85].

**SRS's futility argument also fails:**

SRS's argument that collateral estoppel based on the Orange County Supreme Court ruling in the motion to dismiss precludes a raising of ripeness in this matter.  First of all, as stated in the moving papers, the State Court ruling is not applicable because a different standard was used to determine ripeness. In the case at bar the Federal Williamson test must be utilized to determine if the matter can reach the Federal Court.  In addition, ultimately the Orange County Supreme Court found that SRS's property was in fact subject to all relevant land use laws and thus requires the plaintiff to go through the application process, thus again triggering the Williamson test.

Furthermore, unlike in the state action, ripeness is a constitutional prerequisite to a federal court's exercise of jurisdiction. Fed. Election Comm'n v. Cent. Long Island Tax Reform Immediately Comm., 616 F.2d 45, 51 (2d Cir.1980). A case must be ripe before a federal court has jurisdiction to grant relief. Schoenefeld v. New York, No. 1:09–CV–0504, 2010 WL 502758, at *2 (N.D.N.Y. Feb. 8, 2010) (Kahn, J.) (citing Int'l Tape Mfrs. Ass'n v. Gerstein, 494 F.2d 25 (5th Cir.1974); Williamson v. Vill. of Margaterville, No. 93–CV–115, 1993 WL 133719, at *1 (N.D.N.Y. April 23, 1993)).  "The ripeness doctrine is especially important in land use and zoning disputes which are quintessential local issues that ... are properly left in the first instance to local bodies that are better equipped than federal courts to address and resolve such issues." Caldarola v. Town of Smithtown, No. 09–CV–272, 2010 WL 6442698, at *7 (E.D.N.Y. July 14, 2010)

Plaintiff next claims that this matter is similar to the Sherman case with documented animus

and malice of the defendants.[2]  However, as stated in <u>Sherman</u>, 752 F.3d 554, 563 (2d Cir 2014) the futility exception is a high standard to meet.    Although the "precise contours" of the futility exception are not well-defined, "courts in [the Second] Circuit have recognized that 'mere allegations of open hostility [are] not sufficient to invoke the futility exception.'" <u>Homefront Org., Inc. v. Motz,</u> 570 F.Supp.2d 398, 408 (E.D.N.Y.2008) (quoting <u>Goldfine v. Kelly</u>, 80 F.Supp.2d 153, 161 (S.D.N.Y.2000)).  In fact, plaintiff has failed to distinguish the <u>DiBello v. Town of North Greenbush Planning Board,</u> 2012 WL 6058136 (S.D.N.Y. 2012) matter cited in the moving papers, which clearly is directly on point factually with the case at bar and held that the matter was not ripe for federal review despite the troubling allegations the plaintiff presented.

### PLAINTIFF'S OPPOSING "VOID FOR VAGUENESS" CHALLENGE TO §98-28 OF THE TOWN'S 1975 ZONING LAW ALSO FAILS THUS REQUIRING DISMISSAL IN CONFORMITY WITH THE RELIEF REQUESTED IN THE MOVING PAPERS:

Plaintiff's opposition fails to address the points made in the moving papers that §98-28 of the 1975 Zoning Law of the Town of Tuxedo is facially valid, does not discriminate against a protected class nor is related to criminal legislation.  As such, the claim for void for vagueness must also be dismissed.

### DEFENDANTS DID NOT MOVE ON RES JUDICATA OR COLLATERAL ESTOPPEL GROUNDS

In this revised motion to dismiss[3], the claims for dismissal based on res judicata or collateral estoppel were removed and so the reference to such in the opening paragraph was a typographical error.

---

[2] Since this a motion to dismiss, the allegations as pled by plaintiff must be utilized, please note that defendant's failure to dispute any allegations within the complaint should not be construed as an admission.

[3] Defendants had previously served a motion to dismiss the First Amended Complaint in August of 2013.  This motion was ultimately dropped due to plaintiff's securing new counsel and two more amendments to the complaint.  Based on the new complaints it was determined that these arguments no longer applied.

## CONCLUSION:

For the factual and legal reasons briefly mentioned above, and developed in detail within the prior moving papers, and based on the inadequacy of the plaintiff's opposing submissions to raise any substantial issue of fact or law, the Defendants respectfully request an Order of this Court granting the motion to dismiss the claims contained within the third amended complaint, along with such other and further relief as the Court deems just and proper.

Dated:  White Plains, New York
       October 9, 2015

Respectfully Submitted By;

**MONICA G. SNITILY** (MS0863)
O'CONNOR McGUINNESS CONTE DOYLE
OLESON WATSON & LOFTUS, LLP
Attorneys for Defendants:
**TOWN OF TUXEDO, PETER DOLAN, AND DAVID MAIKISCH.**
Office & P.O. Address:
One Barker Ave., Suite 675
White Plains, New York  10601-1517
Tel No. : (914) 948-4500.
Fax No. : (914) 948-9645
Email: msnitily@omcdoc.com